J. J. ANDERSON v. MONTGOMERY COUNTY NATIONAL BANK.

64 587
a69 209

No. 12,396.   (67 Pac. 1110.)

SYLLABUS BY THE COURT.

CHATTEL MORTGAGE—*Execution against Mortgagor.*   Personal property in the possession of a mortgagee, who in good faith is selling it under the conditions of the mortgage and applying the proceeds thereof to the satisfaction of the mortgage debt, is not subject to levy and sale upon execution against the mortgagor.

Error from Montgomery district court; A. H. SKIDMORE, judge.   Opinion filed March 8, 1902.   Affirmed.

*J. B. & W. E. Ziegler*, for plaintiff in error.
*Albert L. Wilson,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This action was brought by defendant in error, a corporation, in the district court of Montgomery county. In its petition it alleged that it was the mortgagee in possession and disposing of the property under the mortgage for the purpose of paying the mortgage debt ; that the defendant, as constable, under an execution issued against the property of Caudry, the mortgagor, seized and took from it a portion of the mortgaged property. This action was to recover the value thereof. The defense admitted the execution of the mortgage, but denied that it covered the property in controversy, and denied that the plaintiff was in possession, and alleged that the mortgage was void for the reason that it was an attempt to defraud the other creditors of the mortgagor. Judgment was rendered for plaintiff.

The errors relied on by counsel in their brief are : (1) That the court erred in rendering judgment for the defendant and in not rendering judgment for plaintiff ; (2) that it erred in ruling out competent and material evidence offered by defendant ; (3) that it erred in overruling defendant's motion for a new trial.

The defendant in error moves this court to dismiss the cause for the reason that the case-made is not properly authenticated. The certificate of the judge to the case-made is not at the end of the record ; several pages of material matter follow the certificate. It is claimed, however, by counsel for plaintiff in error, that this was done after the case-made was filed in the court of appeals, and by the clerk of that court in copying the record. In an examination of the record, this explanation appears reasonable. The origi-

nal paging throughout is with red ink ; the certificate appears to have been pasted in the record and afterwards detached ; it now appears between pages 54 and 55, and marked with an indelible pencil "54½." There are other indications that the record has been taken apart since it was first made.   All the record appears to be before us, and the explanation is satisfactory. The motion to dismiss is overruled.

The first error complained of is in excluding certain evidence offered by defendant concerning the conduct of the mortgagor with reference to certain of the property after the levy.   The witness had previously fully related the facts which were again offered in evidence. It was not error to exclude a repetition.

It is argued that the plaintiff should not have recovered in this action, for the reason that there still remained in its possession sufficient property to satisfy its claim.   In support of this contention we are referred to the case of *Mannen v. Bailey*, 51 Kan. 442, 32 Pac. 1085, which was an action by Bailey, a mortgagee, to recover the value of a portion of the mortgaged property taken from him by Mannen, as sheriff, under an order of attachment.   One of the claims made in that action was that Bailey had sold sufficient of the mortgaged property to satisfy his demand, and, in discussing this question, the court used the following language :

"The plaintiff had taken possession of this stock of goods, and had disposed of all of it, except that part attached by the sheriff.   Before he can recover in this action, he must show that he has been injured by the action of the sheriff.   If the goods which were left in his possession were sufficient to satisfy his debt, he has no ground of complaint.   It appears that all these goods were sold.   The facts as to the amount realized from sales and as to the expenses incurred in dispos-

ing of the goods were peculiarly within the knowledge of the plaintiff, and we think it incumbent upon him to satisfactorily account for them.''

This is a correct statement of the law, but it cannot be applied to the facts in this case. Here the mortgagee was in possession selling the mortgaged property, and it was not alleged in the answer nor was it claimed at the trial that it had disposed of sufficient of the goods to satisfy its demand.

Section 4250 of the General Statutes of 1901 provides : ''In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession.'' There are no stipulations to the contrary in the mortgage in controversy. It follows, therefore, that the legal title to this property was in the mortgagee, and it was in possession. The mortgagor had no interest therein subject to execution. (*Moore v. Murdock*, 26 Cal. 514; *Metzler v. James*, 12 Colo. 322, 19 Pac. 885; *Chicago Lumber Co. v. Fisher*, 18 Neb. 334, 25 N. W. 340.)

The judgment creditor is not without a remedy. If, in his judgment, there will remain a surplus after the mortgage claim has been satisfied, he may garnishee the mortgagee and thus by way of equitable attachment satisfy his judgment.

Whether the mortgage was given in good faith, or the mortgagee was in good faith disposing of the property in payment of its debt, are questions of fact, which were submitted to the court at the trial, and on the evidence the court found against the plaintiff in error. This court will not undertake to weigh the evidence or disturb the findings.

The judgment of the court below will be affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.