E. M. Foy v. The Board of County Commis-
sioners of the County of Comanche *et al.*

No. 12,548.    (76 Pac. 859.)

SYLLABUS BY THE COURT.

Taxation—*Liability of Mortgagor of Personal Property for
Taxes.* Section 4250, General Statutes of 1901, providing that
"in the absence of stipulations to the contrary, the mortgagee of
personal property shall have the legal title thereto, and the right
of possession," where the chattel mortgage contains no stipula-
tion as to the legal title of the property, will not relieve the mort-
gagor from liability for the payment of taxes assessed against the
property in his name, the mortgagee having taken possession
under the chattel mortgage prior to March 1.

Error from Comanche district court; Francis C.
Price, judge. Opinion filed May 7, 1904. Affirmed.

*J. W. Davis*, for plaintiff in error.
*Dick H. Rich*, for defendants in error.

The opinion of the court was delivered by

Atkinson, J. : This action was commenced by E. M.
Foy in the district court of Comanche county against
the board of county commissioners to recover the sum
of $118.56, paid under protest for taxes levied and as-
sessed against him in the year 1895 on two stocks of
merchandise. Trial was had before the court upon
agreed facts, and testimony as to the ownership of the
property. There was judgment for defendants, and a
new trial denied. Plaintiff brings error.

The facts are substantially as follows : On, and for
some time prior to, the 22d day of February, 1895,
the plaintiff was the owner of two stocks of general
merchandise, one located in the town of Coldwater
and the other in the town of Protection, in Comanche
county. On the 22d day of February, 1895, plaintiff

executed and delivered to the Symns Grocer Company, of Atchison, and R. L. McDonald & Co., of St. Joseph, a joint chattel mortgage on said stocks of merchandise to secure an indebtedness of $2373.45. The mortgage was filed for record in the office of the register of deeds on the 23d day of February, and on that day the mortgagees took possession of the merchandise and placed plaintiff in possession thereof as their agent. He continued in that capacity until the merchandise was closed out by chattel-mortgage sale some time in October following. The taxes assessed against the stock in Coldwater were $90, and against the stock in Protection $25.91. Upon the assessment-roll each stock appeared assessed to plaintiff. The taxes being unpaid, on the 30th day of January, 1896, the county treasurer issued warrants for the collection of said taxes, penalties, and costs, and delivered them to the sheriff. These warrants were returned unsatisfied. On the 20th day of April, 1896, abstracts thereof were filed in the office of the clerk of the district court, and said taxes became a lien on real estate owned by plaintiff in said county. On January 6, 1897, plaintiff, to avoid the sale of his premises upon execution, paid, under protest, the sum of $118.56 to the county treasurer, in full satisfaction of said taxes, penalties, and costs. Prior to the commencement of the action plaintiff demanded of defendant a return of the money by him so paid, and its return was refused.

The question we are called upon to determine is whether the plaintiff, as mortgagor, on the 1st day of March, 1895, had such an interest in the mortgaged property, under the facts as stated, as rendered him liable for the payment of the taxes levied and assessed on said stocks of merchandise for the year 1895. The contention of plaintiff is that, the mortgagees having

taken possession of the merchandise under the chattel mortgage prior to the 1st day of March, 1895, under section 4250, General Statutes of 1901, they alone were liable for the payment of the taxes on the mortgaged property for the year 1895. Section 4250 reads: "In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession." The chattel mortgage contained a stipulation that the mortgagor should retain possession until default made, but contained no stipulation as to the legal title of the mortgaged property.

While the statute, as between the mortgagee and the mortgagor, where there is no stipulation to the contrary, vests the legal title in the mortgagee, it is not an absolute title. The title of the mortgagee is subject to the equitable rights of the mortgagor. Whatever surplus remains of the mortgaged chattels, or of the proceeds of the sale, after satisfaction of the debt, belongs to the mortgagor. This interest in the mortgaged property he may sell or again encumber, subject to the lien of the prior mortgage. Section 4252, General Statutes of 1901, provides that "after condition broken, the mortgagee or his assignee may proceed to sell the mortgaged property, or so much thereof as may be necessary to satisfy the mortgage and costs of sale." Section 4254 provides that after satisfying the mortgage and costs of sale the surplus shall be paid to any subsequent mortgagee entitled thereo, or to the mortgagor or his assigns. These are statutory recognitions of the interest of the mortgagor, his assigns and subsequent mortgagees in the mortgaged property.

The rights of creditors of the mortgagor to make claim to his interest in the mortgaged property and the

means of reaching that interest have received recognition by this court. In *Anderson v. Bank*, 64 Kan. 587, 67 Pac. 1110, where the right of a creditor of a mortgagor to levy an execution on the property covered by a chattel mortgage while in the possession of the mortgagee was denied, with reference to the interest of the mortgagor in the property it was said : ''The judgment creditor is not without a remedy. If, in his judgment, there will remain a surplus after the mortgage claim has been satisfied, he may garnishee the mortgagee and thus by way of equitable attachment satisfy his judgment.'' In *Fields v. Russell, Sheriff*, 38 Kan. 720, 17 Pac. 476, it was held that the mortgagor in possession of personal property assessed in his name was not entitled to credit on his assessment for the amount owing by him on the mortgage debt. Nor would the mortgagee in possession of mortgaged property, if assessed in his name, be entitled to credit on his assessment for the taxes assessed against the note and mortgage held by him against the mortgagor.

Construing sections 4252 and 4254 with sections 4250, it is apparent that it was the intention of the legislature to pass to the mortgagee such title only as would enable him to sell the mortgaged property and apply the proceeds to the discharge of the mortgage debt. A mortgagee in possession of mortgaged property is in possession only for the purpose of satisfying the mortgage debt. The debt secured by the mortgage measures his interest therein. Whether the interest of the mortgagee in the property or that of the mortgagor is the greater, the taxing authorities ought not to be required to determine. Nor ought they to be required to determine whether or not personal property is encumbered by chattel mortgage. It would lead to

14—69 KAN.

endless trouble and expensive litigation if it were left to the taxing authorities to determine, apportion and tax the respective interests of the mortgagee and the mortgagor.

We see no reason why the mortgagor should be relieved from liability for payment of the taxes assessed against the mortgaged property, and especially so where assessed in his name. It is much easier for the mortgagee and the mortgagor to have an understanding as to the payment of taxes on mortgaged property, or to adjust the matter of taxation between themselves, if it require adjustment, than it is for the taxing authorities to determine whether or not property is encumbered, and, if encumbered, who is the mortgagee and who the mortgagor, and whether it would be more proper to tax it to the mortgagee than to the mortgagor.

We find no material error in the record, and the judgment of the court below is affirmed.

All the Justices concurring.