No. 37,953

DOROTHY C. ROWE, *Appellee*, v. ROBERT L. CHILDERS, et al. (THE FIRST NATIONAL BANK IN WICHITA, Wichita, Kansas, a corporation, and EDITH K. MAHAFFEY, Trustees of the E. K. Childers Trust) *Appellants*.

(219 P. 2d 1066)

Opinion filed July 8, 1950.

*Homer V. Gooing,* of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk,* all of Wichita, were with him on the briefs for the appellants.

*W. L. Cunningham,* of Arkansas City, argued the cause, and *D. Arthur Walker, Wm. E. Cunningham* and *William R. Howard,* all of Arkansas City, and *Phineas Rosenberg,* of Kansas City, Mo., were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from rulings on a motion to strike and on a special demurrer and a general demurrer lodged against a petition which we may designate as one instituted by the beneficiary of an express trust to enforce the trust.

Plaintiff's amended petition filed December 1, 1947, contains twenty-two numbered paragraphs and her prayer for relief. Summarized, the allegations of the several paragraphs state: 1. The residence of plaintiff. 2. The residence of defendant Robert L. Childers. 3. That defendants The First National Bank in Wichita and Edith K. Mahaffey were trustees appointed and named in "E. K. Childers Trust" later referred to. 4. That defendants Robert L. Childers and George R. Blake were the duly appointed and acting executors of the estate of Ethel K. Childers. 5. That Ethel K. Childers died at Arkansas City, Kan., on June 23, 1946. 6. That plaintiff was the owner of an undivided one-half interest in and to the trust estate created and established by E. K. Childers in her lifetime, sometimes called the "E. K. Childers Trust." 7. That plaintiff was born in Jackson County, Missouri, on May 24, 1924, her mother's name being Kathryn Turner. 8. In this paragraph plaintiff pleaded at length that Ethel K. Childers orally agreed with Kathryn Turner that if permitted to adopt plaintiff, she would maintain plaintiff and if plaintiff remained with her until plaintiff should become grown or married, and would render love, affection, devo-

tion, obedience and services to Ethel K. Childers, at her death she would leave plaintiff an undivided one-half of all property she owned at her death; that she intended soon to adopt a boy, and she contemplated the establishment of a trust for the use of plaintiff and of the boy, and that in the event she created a trust into which she put in all or any part of her funds she would provide in such trust that plaintiff should have and be the beneficiary of an undivided one-half interest therein and that she would not by will or otherwise make any disposition of her property which would deny plaintiff an equal undivided one-half interest therein. 9. That on July 1, 1924, under proceedings in Jackson County, Missouri, Ethel K. Childers adopted plaintiff and plaintiff's name was changed to Dorothy Childers. 10. That plaintiff carried out and performed all things required of her under paragraph 9. 11. That Ethel K. Childers adopted Robert L. Childers on October —, 1925. 12. That Ethel K. Childers thereafter confirmed the oral agreement by creating an irrevocable trust, designated as "E. K. Childers Trust" of which the above-named bank and Edith K. Mahaffey were trustees and into which she placed a large amount of property, the exact amount being unknown to plaintiff, and in which she named plaintiff as one of the beneficiaries, which trust was created in writing; that plaintiff had no copy but the original document was in the possession of the executors or trustees above named; that the trust was created about 1932, and thereafter Mrs. Childers on numerous occasions confirmed and recognized her oral agreements and her statements that she was carrying it out, and that Robert L. Childers was named as the other beneficiary. 13. That Robert L. Childers for many years had notice of the oral understandings and of the creation of the trust and that he and the plaintiff were beneficiaries thereof. 14. That Robert L. Childers and the trustees claimed that plaintiff had no interest in the trust and was not a beneficiary thereof and that Robert L. Childers was the owner of and entitled to the interest of the plaintiff therein. 15. That the trust instrument had never been filed of record and plaintiff as a beneficiary thereof was entitled to have the original trust instrument brought into court and made a matter of record and her interest, and the interest of Robert L. Childers, established of record. 16. That notwithstanding the oral agreements at the time of her death, Ethel K. Childers left a last will and testament which had been duly admitted to probate in the probate court of Cowley

County, Kansas, and the executors above named appointed. 17. That under the second paragraph of the will of Ethel K. Childers she stated it was not her intention to dispose of by will any trust created by her as it would be no part of her estate but if it should be held to be part of her estate, it should be held and disposed of as provided in the trust agreement. Provision concerning taxes is not of present importance. 18. Refers to another paragraph of the will, and that in substance it provided for the creation of a testamentary trust of the residue of the estate, and that if the income to Robert L. Childers under the trust of 1932 did not amount to $7,500 per annum it was to be supplemented from the testamentary trust. 19. That in the administration of the Childers estate it was necessary to determine whether the trust estate created about 1932 was a part of her estate subject to administration, and in making final distribution of that estate to find and determine the interest of plaintiff in the 1932 trust in order to determine whether Robert L. Childers income therefrom equals $7,500 per year. 20. That the 1932 trust estate, and the additions and accumulations thereto were no part of the estate of Ethel K. Childers in process of administration, and that the estate so in administration had no legal or equitable title or interest therein and that the executors claim that it was. 21. That by reason of the will of Ethel K. Childers and the claim of the executors it was necessary and proper that the executors be made parties in order that a final judgment may be entered, binding all parties. 22. That plaintiff had filed a claim in the probate court but due to uncertainty of the jurisdiction of the probate court to decide and determine the questions involved herein, and to make its judgment binding on all parties, she brought the present action in the district court as a court of original general jurisdiction. The prayer was for judgment establishing the oral agreement, requiring the defendants to bring into court and file the "E. K. Childers" trust agreement, establishing plaintiff to be the owner of an equal undivided one-half interest in and to the trust, and for all proper relief.

On the same day, the trustees of the E. K. Childers trust filed a motion to strike all of the allegations of paragraphs 7, 8, 9, 10 and 11, and certain language in paragraphs 12 and 13 concerning recognition of the alleged oral agreement, on the general ground that the allegations related to an oral agreement which plaintiff sought to enforce; that the petition disclosed that Ethel K. Childers died

testate, her will had been admitted to probate, her estate was in process of administration and plaintiff had filed her claim, and that the district court was without jurisdiction; that the allegations were not relevant to the cause of action pleaded to establish plaintiff's claimed interest in the trust estate; that the plaintiff alleged an irrevocable trust was created, and establishment of plaintiff's rights did not depend on establishment of the alleged oral agreement. They moved further to strike from paragraphs 17 and 18 references to the provisions of the will of Ethel K. Childers for the reason they were wholly irrelevant to any cause of action pleaded and because no provision of the will could have any affect on the alleged irrevocable trust nor on the determination of plaintiff's claim to a beneficial interest therein. They also moved to strike all of paragraph 19 as set out above, as being irrelevant for the reason those allegations were to the effect that certain determinations should be made in the administration of the estate of Ethel K. Childers and such determinations could only be made by the probate court wherein the estate was in process of administration.

The trustees' special demurrer was lodged against the allegations for the establishment and enforcement of the oral agreement that Ethel K. Childers would leave plaintiff one-half of her estate and a beneficiary to an undivided one-half of any trust she might create, for the reason the estate of Ethel K. Childers was in process of administration and the probate court had exclusive jurisdiction of any such cause of action. As a further ground the trustees demurred that the allegations in paragraphs 7 to 12, inclusive, were insufficient to state a cause of action against them.

The trustees' general demurrer was on the grounds that the court had no jurisdiction of the subject of the action; that two or more causes of action were improperly joined and that facts sufficient to state a cause of action were not alleged.

The motion to strike was denied and the two demurrers were overruled, and the trustees perfected their appeal to this court, error being specified on the several rulings.

In their brief appellants present as the questions involved: 1. Whether the district court has original jurisdiction of a cause of action to enforce an agreement by a person since deceased to give or leave the plaintiff a portion of her property. 2. Whether the district court has original jurisdiction of a cause of action to establish a beneficial interest in an irrevocable trust created by a decedent

in her lifetime if such a cause of action depends on the enforcement of such an agreement. 3. May a cause of action against the executors to enforce such an agreement be joined with a cause of action against the trustees of an irrevocable trust created by the decedent in her lifetime to establish a beneficial interest in such a trust? 4. Does a petition which intermingles allegations tending to state a cause of action for the enforcement of the agreement and also tending to state an action for establishment of a beneficial interest in an irrevocable trust alleged to be no part of the decedent's estate, state a cause of action upon a distinct and definite theory? These questions are discussed at some length in appellants' brief. In her brief, the appellee, with some variation in statement thereof, discusses the same questions.

The question of the respective jurisdictions of the district and probate courts has been before this court during the years and especially since the enactment of the probate code in 1939. We shall make no general review of our decisions on that question, as it seems unnecessary to a disposition of this appeal.

We approach consideration of the questions with the premise that in filing a petition in the district court the plaintiff intended to state a cause of action concerning a matter over which that court had jurisdiction of the subject of the action and a competency to render judgment with respect to it, and not otherwise.

Although the basic question involved therein was different than the one now before us, in *In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879, may be found a list of cases wherein the effort of the petitioner was to get something out of the estate, including not only demands of creditors but of those asserting some special claim to all or a portion of the estate either as heirs or under a will or under an alleged contract with the decedent, in which event the demand was clearly incident to the administration of the estate and necessarily to be determined before a final distribution of assets could be made, and in which cases the original, exclusive jurisdiction was held to be in the probate court. In the recent case of *In re Estate of West,* 169 Kan. 447, 219 P. 2d 418, decided June 10, 1950, where the effort was to compel a full administration and bring assets into the estate for administration, the Thompson case, *supra,* and others since decided were reviewed. All of the cases lay down the rule that an effort by a petitioner to get something out of the estate by reason of some alleged contract between the decedent and the peti-

tioner presents a controversy, the determination of which comes within the original, exclusive jurisdiction of the probate court.

In the light of the above, we examine the allegations sought to be stricken. The allegations of paragraph 7 are obviously a prelude to the allegations of paragraph 8. The latter paragraph pleads unmistakably an agreement by Ethel K. Childers with the mother of plaintiff that, if permitted to adopt plaintiff under the conditions alleged, she would leave to plaintiff an equal undivided one-half interest in and to all property owned by her at her death, and if she established a trust she would provide plaintiff would be a beneficiary of an equal undivided one-half interest and that she would not by will, trust agreement or otherwise, make any disposition of her property which would deny plaintiff an undivided equal one-half interest therein. Under our decisions if Ethel K. Childers made the agreement and died without performing it, the plaintiff must assert her claim in the probate court and may not in the first instance assert it in the district court. For that reason the allegations of paragraphs 7, 8, 9, 10 and 11 and certain language in paragraphs 12 and 13, concerning recognition of the alleged oral agreement, are immaterial to any cause that may be stated in the district court and should have been stricken. Insofar as paragraphs 17, 18 and 19 are concerned, it is clear they refer only to the will of Ethel K. Childers and its provisions and it is also clear from them and other paragraphs that her estate is in process of administration in the probate court. It is to be borne in mind that the present action is in no sense one attempting to bring assets held by a third person into the possession of the executors for administration and we need not discuss the question of jurisdiction in such a case. These last-mentioned allegations are immaterial to any cause of action cognizable by the district court and should have been stricken.

The special demurrer raised essentially the same questions as were included in the motion to strike. For the reasons stated, it should have been sustained.

With respect to the general demurrer we note the following: Absent the allegations which should have been stricken it is alleged, in substance, that Ethel K. Childers created an irrevocable trust, making the bank and Mrs. Mahaffey trustees, in which trust she placed a large amount of property, and in which she named plaintiff as one of the beneficiaries; that plaintiff had no copy of the trust instrument nor had it been made a matter of record; that

Robert L. Childers was also named as a beneficiary and that he and the trustees now assert that plaintiff is not a beneficiary and has no interest in the trust; that the trust was no part of the estate of Ethel K. Childers now pending in the probate court; that plaintiff as a beneficiary was entitled to have the original trust instrument brought into court, made a public record and her interest established, and absent establishing the oral agreements, that is what she prayed should be done. The trust alleged was one created in the lifetime of Ethel K. Childers, and eliminating all questions of oral agreements between Ethel K. Childers and plaintiff's mother, the district court had jurisdiction to determine whether or not it was so established, of what it consisted, and who were the beneficiaries. In view of what has been held respecting striking of certain allegations, it follows that only one cause of action was stated; that there was no confusion of theories, and facts sufficient to state a cause of action as above outlined were alleged.

The rulings of the trial court on the motion to strike and on the special demurrer are reversed, and the ruling on the general demurrer is affirmed, and the cause of action is remanded to the trial court to sustain the motion to strike and the special demurrer and for further proceedings consistent herewith.