No. 38,040

ELLEN SEARIGHT, *Appellant,* v. KATE CHOR, *Appellee.*

(225 P. 2d 118)

Opinion filed December 9, 1950.

*T. S. Relihan* and *A. W. Relihan,* both of Smith Center, were on the briefs for the appellant.

*George E. Teeple,* of Mankato, and *Wilford Lutz,* of Smith Center, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The plaintiff appeals from an order and judgment of the district court refusing to revive an action and from a dismissal thereof in that court.

The plaintiff, Ellen Searight, filed an action in the district court against Kate Chor, to recover the sum of $5,000 alleged to be due her under an oral compromise settlement with the defendant, a neighbor woman, for care, counsel, nursing and companionship during the lifetime of the defendant. Plaintiff presented for payment a check of the defendant in that amount which the bank refused to pay by reason of insufficient funds. This action followed. Summons was regularly served and the defendant answered denying the material allegations of the petition. Approximately five months later the defendant died intestate and Ester Badenhoop was appointed administratrix of her estate. About three months later plaintiff served the administratrix of the decedent's estate with notice of a motion to revive the action pending in the district court. The administratrix filed objections to such revivor on the grounds:

"1. That this Court has no jurisdiction to revive this action against her as Administratrix of the Estate of Kate Chor, deceased.

"2. That this Court is without jurisdiction to hear or determine the subject matter of this action, which is now a claim against a decedent's estate."

The district court sustained both objections and dismissed the action. From those rulings plaintiff appeals.

Appellant contends the district court acquired jurisdiction of the action, the issues were joined prior to the death of Kate Chor, the decedent, the action survived against the personal representative of the decedent and the district court had jurisdiction (1) to revive the action and (2) to adjudicate the claim. In support of the contention appellant relies on G. S. 1947 Supp. 59-2238, which reads:

"Any action pending against any person at the time of his death, which by law survives against the executor or administrator, shall be considered a demand legally exhibited against such estate from the time such action shall be revived. Any action commenced against such executor or administrator after the death of the decedent shall be considered a demand legally exhibited against such estate from the time of serving the original process on such executor or administrator. The judgment creditor shall file a certified copy of the judgment in the proper probate court within thirty days after said judgment becomes final."

On the other hand, appellee asserts this revivor statute was thoroughly considered in connection with all other pertinent provisions of the probate code in *Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188; that the judgment therein rendered is decisive of the instant question and is contrary to appellant's contention. Appellee concedes in that case the action to recover a money judgment for service rendered to decedent during his lifetime, pursuant to a contract

which was violated, was filed in the district court against an administrator *after* the decedent's death but contends that fact is immaterial for the reason the revivor statute applies only to a situation where the probate code makes no express or adequate provision for the establishment of a demand in the probate court. In support of this contention appellee relies on various statements in *Egnatic v. Wollard,* supra, one being the following:

"We realize that no one section of the probate code referred to, standing alone, is conclusive of the question we have under consideration and that some of them are merely indicative of the legislative intent. However, we feel that when considered as a whole, measured by applicable rules of statutory construction, they justify the conclusion that G. S. 1941 Supp. 59-2238 applies solely to a situation where the code makes no express or adequate provision for the establishment of a demand in the probate court. Such a conclusion is in accord with the spirit and reason of the statute and insofar as practical recognizes and reconciles all of the different provisions of the code, making them consistent, harmonious and sensible." (p. 856.)

As previously indicated the Egnatic case was filed in the district court after the death of the decedent and while administration proceedings were pending in the probate court. The principal question presented in the Egnatic case was whether the district court had original jurisdiction over the *establishment* of the claim. The first sentence of the revivor statute and its purpose were not under consideration. The last sentence of the statute pertaining to judgments of the district court was considered in its relation to the second, the pertinent sentence, of the revivor statute. The statute was discussed with a view of harmonizing the various provisions of the probate code pertaining to the establishment of demands. The decision under the fact of the Egnatic case simply meant the second and third sentences of the revivor statute could have no application in that case for the obvious reason the demand was clearly against the estate and properly could have been established originally only in the probate court.

It does not follow, however, the statute is without purpose or function. Nor was the statement in the Egnatic case referred to intended to convey the idea the statute had no function to perform.

Let us examine the statute. Manifestly, the first two sentences thereof pertain only to the exhibition of demands. It will be noted they in nowise relate to the establishment, or proof, of a demand. We shall presently discuss the third sentence of the statute pertaining to judgments. For the moment, however, we shall first endeavor

to ascertain only the intent and purpose of the provisions pertaining to the exhibition of demands.

It appears the framers of the act and the legislature which enacted it intended to provide a simple and direct procedure for the legal exhibition of demands, under the particular circumstances stated in the first two sentences of the statute. It appears they were intended to make unnecessary the filing of another petition in the probate court as is ordinarily required by G. S. 1947 Supp. 59-2237 for the exhibition of demands. If a reason for a legislative act is required that would appear to be a sound and sufficient one. Another reason which readily suggests itself is that the first sentence of the statute also may have been intended to prevent the running of the statute of limitations where an action has been filed in the district court before the decedent's death and only shortly before it is barred. Except for the first provision of the statute such a claim might become barred before a petition to exhibit the demand could be filed in the probate court in compliance with G. S. 1947 Supp. 59-2237.

There may be other reasons which prompted one or both of the provisions for legally exhibiting a demand as provided by G. S. 1947 Supp. 59-2238 but we need not labor the point. We conclude the district court had jurisdiction to revive the action and should have revived it in accordance with the first sentence of the statute in order that the demand would be considered as a demand legally exhibited against the estate.

But what about the original jurisdiction of the district court to hear and determine the instant money demanded against the decedent's estate? Did the district court properly conclude it had no original jurisdiction for that purpose? The answer requires consideration of the last sentence of G. S. 1947 Supp. 59-2238 with a view of ascertaining the legislative intent. In an attempt to determine legislative intent we start with the assumption the legislature did not intend to leave contrary and conflicting enactments in the statute books. The problem here is therefore one of harmonizing the various provisions of the probate code, if reasonably possible to do so.

Although, as previously stated, the action in the Egnatic case was filed after the decedent's death what is said in the opinion in that case on the subject of original jurisdiction is helpful. While the subject was there treated at length, the substance of it is stated thusly:

"If G. S. 1941 Supp. 59-2238 is given the construction placed on it by appellant, the original jurisdiction given to the probate court in those particulars is taken from it and placed under the control and direction of the district court. This statement, on first consideration, may seem somewhat trivial but on sober reflection it does not appear to be so fatuous. It will be noted G. S. 1941 Supp. 59-2238 provides: 'The judgment creditor shall file a certified copy of the judgment in the proper probate court within thirty days after said judgment becomes final.' When the judgment is filed it then becomes the duty of the executor or the administrator, as the case might be, to allow the claim. Therefore, to that extent he would be acting under the direction of the district court, not the probate court which had original jurisdiction to direct his activities.

. . . . . . . . . . . . . . .

"If G. S. 1941 Supp. 59-2238, controls and the probate court is required to accept the judgment of the district court in lieu of its judgment then it does not have original jurisdiction with respect to any of the matters herein referred to." (pp. 852, 853.)

Likewise the probate court would no longer have original jurisdiction of the unsecured money demand in the instant case, if we hold the revivor statute was intended to confer original jurisdiction over that kind of a demand on the district court.

The real question is whether the legislature by the last sentence of G. S. 1947 Supp. 59-2288 intended to withdraw original jurisdiction from the probate court and confer it on district courts in actions which the latter court is authorized to revive for the purpose of considering the demand legally exhibited. We do not think the framers of the code or the legislature which enacted it intended to produce such a divided jurisdiction. There are, of course, some actions pertaining to a decedent's estate over which the district court retains original jurisdiction. It seems to us the more logical and consistent conclusion, in order to bring the various provisions of the probate code and our decisions interpreting them into harmony, is that the last sentence of G. S. 1947 Supp. 59-2238 was intended to confer jurisdiction on the district court to render original judgments only on the kind and character of demands over which that court now retains original jurisdiction under the provisions of the probate code.

Furthermore any other rule of statutory construction would be unsound unless we overruled the decision in the Egnatic case, which we have no intention of doing. We think it is sound. Manifestly under no rule of statutory construction could it be said the last sentence of the revivor statute pertaining to judgments was intended

to apply to one of the preceding sentences of the statute and not to the other. No language of the statute permits such a distinction. We think the last sentence pertaining to judgments was intended to apply to the situation covered by both the preceding sentences but only in actions involving the kind and character of demands against decedent estates over which the probate court does not have exclusive original jurisdiction.

One other subject may be worthy of mention. We have on proper occasions applied the rule that where concurrent jurisdiction exists the court which first acquires jurisdiction retains it to the exclusion of another court which seeks to assume it. The rule has been asserted in actions including those filed in the district court against a personal representative of the decedent's estate while that estate was in the process of administration in the probate court with the result that the probate court retained the jurisdiction. This is a sound general principle. Obviously, however, that doctrine cannot be invoked in a manner and for the purpose of nullifying the legislative intent. If the rule were adopted in the instant case for the purpose of vesting the district court with original jurisdiction the intention of the probate code to vest the probate court with exclusive original jurisdiction over a demand such as the one here involved would be defeated.

The action is remanded to the district court with directions to revive the action in the name of the administratix in order that the demand may be considered legally exhibited from the date the action should have been revived. In other respects the judgment is affirmed.

WEDELL, J. (concurring): I recognize the possibility of a view contrary to that reached by the majority. One of my principal reasons for concurring in the majority opinion is that, upon extended study, it appears to me the majority interpretation of G. S. 1947 Supp. 59-2238 coincides with other provisions of the probate code and the interpretation we have placed thereon relative to the exclusive original jurisdiction of the probate court over simple unsecured money demands. The death of the defendant, appellee, in nowise altered the nature of the demand. It remained a plain unsecured money demand. The only question decedent's death raised pertained to the proper forum in which to establish, to prove, such a demand.

Upon the death of a person all property of his estate is drawn

into administration in the probate court. (*Burns v. Drake*, 157 Kan. 367, 371, 139 P. 2d 386.) Thereafter the provisions of the probate code and not those of the civil code govern all matters pertaining to the settlement and distribution of a decedent's estate. This principle, although most fundamental, is sometimes overlooked. It was declared early by a unanimous court following the adoption of the new code but only after the most deliberate and searching consideration. We said:

"A careful study of the provisions of the new probate code leads us to conclude it was the intent and purpose of the framers of the Kansas probate code and of the legislature which enacted it to grant to probate courts exclusive original jurisdiction over all matters incident and ancillary to the settlement and distribution of decedent estates, *except as to any matter over which that code expressly confers concurrent jurisdiction upon district courts.*" (*Foss v. Wiles*, 155 Kan. 262, 270, 124 P. 2d 438.) (Italics inserted.)

Reference to the citator will readily disclose that declaration of intent has been the basis of a host of later decisions. If that principle is wrong all of those decisions are erroneous but remain the law of this state.

Neither the provisions of G. S. 1947 Supp. 59-2238 nor any other provision of the probate code expressly confers concurrent jurisdiction upon district courts to adjudicate an unsecured money demand against a decedent's estate whether the action was filed in the district court before or after the decedent's death. It, therefore, seems to me it is consistent to conclude G. S. 1947 Supp. 59-2238 should be interpreted to apply only to actions over which the probate code expressly confers concurrent jurisdiction upon district courts. So interpreted the statute may be harmonized with principles repeatedly enunciated in our former decisions. Otherwise interpreted it cannot be harmonized as it would permit the district court to deprive the probate court of exclusive original jurisdiction over ordinary unsecured money demands. I have no desire to labor the point.

SMITH, J. (dissenting): I dissent from 2 (2) of the syllabus and the corresponding portion of the opinion. I agree with the conclusion reached by the majority that the trial court erred in not reviving the action, but for reasons additional to those asserted in the opinion.

The action had been properly instituted in the district court, which had jurisdiction of the subject matter and the person of the defendant. It was at issue. As far as the record discloses the only thing that prevented it from coming to trial in the district court was

the death of the defendant. In my opinion, the situation is controlled by the code of civil procedure. I do not think the sections of the probate code discussed in the opinion were intended to amend these sections.

Upon the death of defendant, this was the sort of action which survived. (See G. S. 1935, 60-3201.) G. S. 1935, 60-3202, provides that no actions pending in any court shall abate by the death of either party thereto except certain actions, in which categories the instant case does not fall. G. S. 1935, 60-3207, provides that actions of the sort that are subject to revivor shall proceed in the name of the new parties. The plaintiff was entitled to move to have the action tried to final judgment in the district court. I have examined *Egnatic v. Wollard*, 156 Kan. 843, 137 P. 2d 188. In my opinion the holding in that case does not require us to hold in this case that the action must be tried in the probate court.

THIELE and WERTZ, JJ., concur in the foregoing dissenting opinion.