No. 39,448

NANCY JO HOARD, BARBARA ANN HOARD, and MARY JANE HOARD, minors, by RUTH J. HOARD, their mother, guardian, and next friend, *Appellants,* v. THE HOME STATE BANK OF RUSSELL, KANSAS; W. S. KNOX as Executor of the Wayne R. Hoard Estate; and the TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *Appellees.*

(272 P. 2d 1054)

Opinion filed
July 6, 1954.

*Patrick H. Thiessen,* of Salina, argued the cause, and *Aaron A. Wilson, Jr.,* of Kansas City, Missouri, was with him on the briefs for the appellants.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll* and *Chas. O. Boyle,* both of Russell, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Plaintiffs brought this action in the district court under the provisions of G. S. 1949, 60-3127 which provides that in cases of actual controversy courts of record within the scope of their respective jurisdictions shall have power to render judgments declaratory of the rights of interested parties. A demurrer to the petition by one defendant and a motion to dismiss by another, based on jurisdictional grounds, were sustained to the petition. The appeal is from those rulings.

The petition discloses the theory on which the plaintiffs base their right to the relief claimed and at the same time fully reveals the facts on which the rights of all parties depend on appellate review. Omitting formal averments, its prayer and allegations of no consequence to the jurisdictional issue, it reads:

"That the plaintiffs are minors and bring this action by their mother, guardian, and next friend, Ruth J. Hoard, and that the residence and post office address of plaintiffs and Ruth J. Hoard is 3401 Coleman Road, Kansas City, Missouri.

"That the plaintiffs are the natural born children of the said Ruth J. Hoard and Wayne R. Hoard, deceased, husband and wife, at the time of plaintiffs' birth.

"That the defendant, the Home State Bank of Russell, Kansas, is located in Russell, Kansas; that the defendant, W. S. Knox, executor of the said Wayne R. Hoard Estate, is a resident of Russell, Kansas; and that Max Horn, a resident of Russell, Kansas, is the duly authorized agent for the defendant, the Travelers Insurance Company.

"That for some years prior to his death on December 3, 1952, Wayne R. Hoard was engaged in the oil casing business at Russell, Kansas, and in the course of his business frequently and as a regular business practice borrowed money on a short time basis (approximately ninety [90] days) from the Home State Bank of Russell, Kansas; that as security for this indebtedness it was his regular business practice to assign all of his accounts receivable to said bank as the primary security therefor; that as a regular business practice he always paid off his indebtedness to said bank from his own personal funds; that between the dates of September 15, 1952, and November 26, 1952, the said Wayne R. Hoard borrowed from said bank the sum of approximately $5,722.00 and secured the same by assigning to said bank accounts receivable in the

amount of at least $5,298.00 in addition to giving said bank a chattel mortgage on two automobiles, to-wit: one (1) 1951 Chevrolet Fordor Sedan and one (1) 1949 Chevrolet Fordor Sedan, which security he intended to be the primary source of money to pay off said loans; that said security for said loan was and is now sufficient to pay said loan in addition to the interest owing thereon, and the said accounts receivable so mortgaged and assigned have been collected in full and that the money is now held by the executor of the Wayne R. Hoard Estate, W. S. Knox of Russell, Kansas.

"That on February 24, 1949, the said Wayne R. Hoard took out a $5,000.00, double indemnity life insurance policy, policy number 2459696, with the Travelers Insurance Company of Hartford, Conn., with the said Ruth J. Hoard, designated as the beneficiary thereof; that on March 23, 1949, the said Wayne R. Hoard and Ruth J. Hoard joined in assigning the said insurance policy to the said Home State Bank of Russell, Kansas, as additional collateral, and secondary security for said loans to be used in payment of said loans only if the primary security was insufficient therefor; that on March 29, 1952, the said Wayne R. Hoard had the beneficiary of the insurance policy changed from Ruth J. Hoard to Wayne R. Hoard's children, Nancy Jo Hoard, Barbara Ann Hoard and Mary Jane Hoard; that on December 3, 1952, the said Wayne R. Hoard met with accidental death causing the sum of $10,000.00 to be due and owing on said life insurance policy; that the Travelers Insurance Company is now willing to pay the same to the party entitled thereto; that the said bank is now claiming the right of payment thereof pursuant to the assignment; that plaintiffs claim the right of payment thereof.

"That up until the date of his death, Wayne R. Hoard had paid only three premiums on said insurance policy in the sum total of approximately $247.50; and that the cash surrender or loan value of said policy at the time of death was so negligible as to amount to nothing.

"That under these facts above enumerated, the plaintiffs and defendants have disagreed, and are unable to agree as to their respective rights. Plaintiffs claim that under the said factual situation they, as beneficiaries of the said insurance policy, are in the position of sureties for the debt owing from Wayne R. Hoard to the said bank and as such as a matter of right can require the said bank to marshal the assets, i. e., to require the said bank to use the proceeds of the insurance policy to satisfy the said debt only after the bank has exhausted all other securities for said debt held by it against the said estate. The defendant, the Home State Bank of Russell, Kansas, denies the plaintiffs' right so asserted and claims that the bank is not required to marshal the assets as aforesaid but claims that the said bank as a matter of right may elect the fund from which it wishes to satisfy the said debt, i. e., the fund as evidenced by the mortgaged assets of the Wayne R. Hoard Estate or the fund as evidenced by the insurance proceeds. To emphasize the difference in claims, the said bank has affirmatively asserted that it will satisfy the said debt from the insurance proceeds, and denies the plaintiffs' right even to subrogation of the said mortgaged assets of said estate.

"That in order to avoid a multiplicity of suits and to litigate and finally settle all rights incident to the principal issue above-stated, it is furthermore prayed that the following issue also be determined by the Court, if the principal

issue above-stated is determined adversely to the plaintiffs: The plaintiffs claim that if they have no right to require the said bank to marshal the assets as aforesaid, then the plaintiffs as a matter of right are subrogated by law to all unused securities held by the bank as security for the said debt in order that the plaintiffs may reimburse themselves for that part of their money which would be used in payment of the said debt. The defendant, the Home State Bank of Russell, Kansas, likewise denied the plaintiffs' right so asserted and claims that the plaintiffs stand as unsecured creditors of the said estate if creditors at all, and the said bank has refused to assign over to the plaintiff any of said securities.

"The executor of the Wayne R. Hoard estate also denies all of the plaintiffs' rights above asserted and has stated that he will not recognize the right of either the said bank or plaintiffs to exhaust the mortgage assets of the said estate before the insurance proceeds.

"That unless an adjudication of the rights of the parties is made by the Court at this time, disastrous results and litigation of an extensive nature will result to the plaintiffs as well as to the defendants."

In the interest of time and space, and because detailed reference to the grounds of the motion to dismiss, filed by the defendant bank, and the demurrer to the petition, filed by the defendant executor, would merely serve to further demonstrate the fact, it can be stated at the outset that the all decisive issue before this court on appellate review is whether the district court or, as such court held, the probate court, had jurisdiction of the cause of action set forth in the petition. In approaching that question two propositions, about which there can be no doubt under our statute, should be noted at this point. One, as we have heretofore indicated (See G. S. 1949, 60-3127), is that in cases of actual controversy courts of record within the scope of their respective jurisdictions shall have power to render declaratory judgments. The other is that under our probate code (G. S. 1949, 59-301) probate courts are courts of record. Thus, when the two sections of the statute above noted are read together and harmonized as our decisions require, it becomes obvious that where —as here—a proceeding to administer the estate of a deceased person is pending in probate court that tribunal has power and authority to render a judgment declaratory of the rights of the parties to participate in the assets of the involved estate.

Upon careful examination of the petition certain facts, existing prior to the commencement of the involved action on October 21, 1953, become crystal clear. Stated briefly they are:

1. That long prior to the death of Wayne R. Hoard and at a time when the appellants herein had no interest in the insurance policy in question, such decedent with the consent of the then beneficiary, Ruth J. Hoard, assigned and pledged benefits accruing under

the terms of such policy, along with certain assets receivable and other personal property, to the appellee bank to secure the payment of an indebtedness then existing and now unpaid, thus making money accruing from such policy, in event of his death, a part of the assets of his estate in the event such proceeds were required to pay that indebtedness.

2. That following the death of such decedent, who died leaving a last will and testament, administration proceedings were commenced in connection with his estate; that pursuant to such will, and in conformity with its terms, the appellee W. S. Knox was appointed as the executor of the estate; that thereafter Knox, in his fiduciary capacity, took over all the assets receivable which were pledged to the bank to pay the decedent's indebtedness and had them in his possession on the date of the filing of the involved petition.

3. That subsequent to the date of such action, and during the course of administration of the estate, a dispute arose between all parties to the involved action, except the insurance company which stands ready to pay the benefits of the policy to whomever is entitled thereto, as to whether the bank could collect the proceeds of such policy and apply them to the payment of its loan or was obliged to first exhaust the accounts receivable and other pledged personal property in payment of the amount due on its loan.

4. That, last but not least, the fundamental purpose of the action instituted by the appellants in district court was to marshal the assets of the decedent's estate and obtain a declaratory judgment determining the rights of the contending parties thereto which would have the effect of directing the probate court how to apply and distribute the assets of such estate.

In the face of the foregoing facts sound precedent can be found for holding that the involved action is one over which the probate court had exclusive original jurisdiction under the powers conferred upon probate courts by G. S. 1949, 59-301, but we need not labor or pass upon that question here. It is certain that the action is one over which such court had concurrent jurisdiction and the conceded facts, based upon the allegations of the petition itself, are that it had assumed and was exercising that jurisdiction prior to the commencement of appellants' action in district court. In such a situation our decisions are universal to the effect that the court which first acquires jurisdiction retains it to the exclusion of another court which is asked or seeks to assume it. See, e. g., *Charvat v. Moore,*

167 Kan. 336, 339, 205 P. 2d 980; *Vilm v. Hudson*, 167 Kan. 372, 375, 205 P. 2d 1021; *Egnatic v. Wollard*, 156 Kan. 843, 857, 137 P. 2d 188, and authorities there cited. For further illustration of the same principle see *Walker v. McNutt*, 165 Kan. 533, 196 P. 2d 163; *Graves v. National Mutual Cas. Co.*, 164 Kan. 267, 188 P. 2d 945; *Correll v. Vance*, 127 Kan. 840, 275 Pac. 174, and numerous other cases of like import listed in Hatcher's Kansas Digest, (Rev. Ed.), Courts, § 471; West's Kansas Digest, Courts, § 475 (1), (2).

Based upon the foregoing decisions and what has been heretofore stated we are constrained to hold the probate court had assumed and was exercising jurisdiction over the matters appellants sought to have determined in the instant action and that therefore the district court's action in sustaining the motion to dismiss and the demurrer to the petition, each of which challenged its right to hear and determine such action, was proper.

Allegations of the petition and arguments advanced by appellants' astute and industrious counsel on the hearing of the cause, to the effect disastrous results and litigation of an extensive nature will result to them, as well as to the appellees and other future litigants, as the result of the conclusion just announced, are more theoretical than real. It denies a litigant no right based upon any theory, either legal or equitable, for it permits them to assert their rights respecting the marshaling, application and distribution of the assets of the estate of deceased persons in a proper proceeding in probate court and if dissatisfied with its decision, respecting such matters, gives them the right (See G. S. 1949, 59-2408) of appeal and trial *de novo* in the district court on any adverse phase of the probate court's judgment.

What has been heretofore stated and held is limited strictly to the jurisdictional issue here involved and is in no sense to be construed as decisive of the merits of the cause or other questions raised by either party.

The judgment is affirmed.