No. 37,579

ELVA LOUISE CHARVAT and ARTHUR CHARVAT, *Appellees*, v. JOHN WILSON MOORE and A. V. PATTERSON, Administrators with will annexed of the Estate of Mayme C. Moore, deceased, *Appellants*.

(205 P. 2d 980)

Opinion filed May 7, 1949.

*George D. Miner* and *Paul L. Aylward,* both of Ellsworth, were on the briefs for the appellants.

*H. A. Santry,* of Ellsworth, argued the cause, and *V. E. Danner,* of Ellsworth, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order of the district court overruling a demurrer to a petition.

The substance of all preliminary pertinent facts material to the proper determination of the issues involved as they appear from the pleading in question, which was filed in district court in August, 1948, can be stated as follows: The plaintiffs are beneficiaries of a testamentary trust set up in the will of a former deceased relative, Louisa Charvat, of which R. E. Moore and Mayme C. Moore were trustees, and since December 2, 1922, have been the owners of a beneficial interest in and to certain described real estate, the description of which is not material; title to an undivided one-third interest in such real estate vested in the named trustee, or the survivor of either of them, in trust expressly for the use and benefit of the plaintiffs who, by the terms of such trust, were entitled to a conveyance from the trustees of their interest therein prior to the death of such fiduciaries and are now entitled thereto; R. E. Moore trustee died intestate on September 1, 1943; prior to his death the trustees, for advancements claimed by them to exceed the value of plaintiffs' interest in the real estate and to have been, made to them pursuant to the terms of the trust, procured a deed from the executor of the estate of Louisa Charvat which purported to convey them plaintiffs' undivided interest in such land but wholly failed to do so; Mayme C. Moore the surviving trustee died testate on October 20, 1947, and on the date of her death was in possession of the land under claim of absolute ownership and title, but she had not repudiated the trust by any overt act until a few days before her death.

Following averments disclosing a factual situation as heretofore summarized the petition goes on to state:

"12. That on the 27th day of November, 1947, the defendants, John Wilson Moore and A. V. Patterson, did publish their first notice of their appointment as administrators with the will annexed of the estate of Mayme C. Moore, deceased. That on the 26th day of February, 1948, the said plaintiffs did file in the Probate Court of Ellsworth County, Kansas, in the said case No. 6729 in said court *their petition for allowance of demand and for decree of distribution* the prayer of the first cause of action of which reads as follows, to wit:

" 'Wherefore petitioners pray that this claim be allowed forthwith in full, *that the trust referred to above be settled and determined,* that they have and receive judgment against the above-entitled state in the sum and amount of $752.83, with interest at six per cent per annum from this date, that the court forthwith fix a time and place to hear the same and cause thereof to be given according to law, and that they have such other and further relief in the premises as may be legal, equitable and just.' and the prayer of the second cause of action of which reads as follows, to wit:

" 'Wherefore petitioners pray *that the said undivided one-third interest in the above-described real estate be adjudged to be no part of decedent's estate and be set apart to them by the decree of this court* that the said court forthwith set a time and place to hear this claim, and cause notice thereof to be given according to law, and have their costs herein, and such other and further relief in the premises as may be legal, equitable and just.' that said petition was filed within the statutory period of nonclaim against the said estate of the said Mayme C. Moore, deceased, as aforesaid.

"13. That the defendants, John Wilson Moore and A. V. Patterson as administrators with the will annexed of the estate of Mayme C. Moore, deceased, did on the 1st day of December, 1947, cause the entire fee title in and unto the real estate described in paragragh 4 above to be inventoried and appraised as a part of the said estate, including the undivided one-sixth beneficial interest of each of the plaintiffs; that the said defendants by their written defense and their amended written defense to the petition of plaintiffs as aforesaid in said Case No. 6729 in said Probate Court have denied any right, title, or interest of plaintiffs, or either or any of them, in and unto the said undivided interest in and unto said real estate held by either of them; that said acts of said defendants and each of them, as aforesaid, and the repudiation of said trust by the said decedent, Mayme C. Moore, as set out in paragraph 11, constitute a wrongful exclusion and an attempted denial and ouster of the right, title, interest and claim of plaintiffs and each of them in and unto an undivided one-sixth interest each in and unto the real estate described in paragraph 4 above." (Emphasis supplied.)

It further appears from allegations of such pleading that the issues made by the plaintiffs' petition for an allowance of demand and decree of distribution and the answer made thereto by the administrators in the estate of Mayme C. Moore, deceased, were transferred by the probate court of Ellsworth county to the district court of such county where they were pending and undisposed of on the date of the institution of the instant action.

By additional allegations the petition sets forth other existing undivided interests in the real estate and then asks that plaintiffs be adjudged to be the owners in fee simple of an undivided one-sixth interest each therein, that their title thereto be quieted as against the defendants, that they have and recover possession of their undivided interests, that the defendants be ejected therefrom, and that such real estate be partitioned among the respective owners thereof or, if partition cannot be had without manifest injury, that it be sold and its proceeds be divided according to the respective rights and interest of the parties to the action.

One of the grounds of defendant administrators' demurrer, overruled by the district court and involved in this appeal, reads:

"That it appears upon the face of said .petition that there is another action pending between the plaintiffs and these defendants upon the same state of facts, which action was by petition filed by the plaintiffs herein in the estate of Mayme C. Moore, deceased, in the probate court of Ellsworth County, Kansas, on the 26th day of February, 1948, which case has been transferred to the district court of Ellsworth County, Kansas, by virtue of the provisions of G. S. 1947 Supp. 59-2402A and is now pending in this court as Case No. 5070, and that the jurisdiction of this court to try said matter is solely by reason of statute last mentioned and by reason of the transfer of the same and said cause could not have been originally filed in this court."

From what has been heretofore stated it appears that the appellees, who it may be noted from allegations of the petition not heretofore mentioned are legatees under the last will and testament of Mayme C. Moore but are dissatisfied with their bequests, came into the district court, seeking the relief claimed in their petition, almost a year after they had submitted to the jurisdiction of the probate court in the administration proceedings then pending in the estate of such decedent, and had there asked that tribunal (1) to settle and determine the trust on which they here base their right to reliefs; (2) to adjudge that the undivided one-third interest in the involved real estate was not part of the estate, decree it to be their property, and set it apart to them; (3) for an accounting and allowance of a demand against the estate based on rents and profits alleged to be due them. from the decedent by reason of her occupancy of the property during her lifetime; and (4) for a decree of distribution.

The general and well-established doctrine is that even in cases where there is concurrent jurisdiction the court which first acquires jurisdiction retains it to the exclusion of any other court which seeks to assume it. (See *Egnatic v. Wollard,* 156 Kan. 843, 847, 137 P. 2d 188, and authorities there cited.)

Another rule, about which there can no longer be any controversy, is that under the general grant of jurisdiction and authority conferred upon them by G. S. 1947 Supp. 59-301 the probate courts of this state have authority to exercise such equitable powers as may be necessary to enable them to fully hear and' determine any matters properly before them. (*Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438.)

Thus it appears, since it must be conceded from the face of the record the appellees did come into the probate court and invoke its aid in settling and determining the trust, which included as an

incident to its disposition the question whether the real estate claimed by them was their property or belonged to the estate, the paramount question here involved is whether as a result of their action in so doing the probate court acquired jurisdiction to fully hear and determine the questions thus submitted. If it did, under the general rule heretofore stated, by first acquiring jurisdiction over such issues it retains that jurisdiction to the exclusion of another court of concurrent jurisdiction which may thereafter attempt to assume it.

Conceding, that at the time the trial court rendered its judgment and counsel prepared their briefs in this action, which in all fairness it should be stated was long prior to the date of the rendition of the decision presently to be mentioned, there may have been serious question as to the legal effect of invoking the jurisdiction of the probate court under the conditions and circumstances herein involved we do not believe there can now be any doubt as to its result.

In *Wetzel v. Wetzel,* 167 Kan. 6, 204 P. 2d 768, we held:

"An heir at law instituted proceedings in the probate court, caused himself to be appointed administrator of his mother's estate and proceeded to make and file an inventory which included certain real estate as a part of the assets of decedent; subsequently other heirs filed pleadings in the same proceedings in the probate court in which they alleged that the real estate in question was not part of the assets of the estate but had been conveyed by decedent before her death. *Held,* that while the matter was being adjudicated in the probate court and on appeal by the district court, a subsequent action in the district court to adjudicate the same questions was properly dismissed." (Syl.)

While, as is true in most cases, the prevailing factual situation in the case from which we have just quoted is somewhat different from the present one the legal questions involved are entirely similar and we can discern no sound basis for distinction in their application. Therefore we hold, in conformity with such decision, that having invoked the jurisdiction of the probate court on issues of the character heretofore described the appellees had no right thereafter to institute another action in the district court, while that tribunal had before it, by proper transfer from the probate court, a cause in which such issues were pending and undisposed of.

Appellees point out that in the instant action they seek relief additional to that asserted by them in the probate court, namely, recovery of possession, ejectment, partition and quiet title of real

estate. We are not too certain. Even so the result is the same. Whether the property belongs to the estate or to appellees must be determined before such additional claims can be given consideration. Having invoked the jurisdiction of the probate court on that fundamental and over-all issue it must be first determined. Appellees cannot by-pass the probate court by broadening the scope of their claims in a subsequent action when the disposition of each and all of them depends upon the decision in the first proceeding. Besides, as is pointed out in *Wetzel v. Wetzel,* supra, on appeal from probate court the district court has authority, and we pause to add it has like power upon transfer of a cause from probate to the district court (G. S. 1947 Supp. 59-2402[b]), to hear and determine the controversy as though it had been commenced there. This, as we have heretofore indicated, includes such equitable powers as may be necessary to a full determination of any matter properly before it. Included in those powers as we understand it, in view of the issues raised by the appellees in the probate court if they are ultimately upheld, is the disposition of matters pertaining to possession and partition of the involved real estate providing the parties see fit by proper pleadings to invoke that relief in district court.

For the reasons heretofore stated we are convinced, that under all the facts and circumstances disclosed by the petition the appellants' demurrer, based upon the pendency of another action between the same parties for the same cause, should have been sustained.

The judgment is reversed with directions to sustain the demurrer.