No. 43,236

In the Matter of the Estate of Gerhard Meyer, deceased. (ANTON A. MEYER, Administrator, *Appellant,* v. DORIS M. BILES, *Appellee.*)

(381 P. 2d 546)

Opinion filed May 11, 1963.

*Edward J. Costello,* of Marion, argued the cause and was on the briefs for appellant.

*William R. Carpenter,* of Topeka, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order sustaining the appellee's demurrer to the appellant's counterclaim on the ground that the district court had no jurisdiction of the counterclaim.

The pertinent facts are briefly stated. Gerhard Meyer and the appellee, Doris M. Biles, were involved in an automobile collision at an intersection of two county roads in Marion County, which resulted in Meyer's death. Thereafter, letters of administration were issued upon the decedent's intestate estate in Marion County and

the appellant, Anton A. Meyer, was appointed administrator. Within the period of the nonclaim statute (G. S. 1949, 59-2239) the appellee filed her petition for allowance of demand against the decedent's estate, alleging that the automobile collision resulted from the negligence of the decedent and that she suffered damages, mainly to her automobile, in the total amount of $612.37.

Thereafter, the appellee filed a petition to transfer her claim to the district court pursuant to G. S. 1961 Supp., 59-2402a and G. S. 1949, 59-2402b, and the probate court entered its order transferring the petition to the district court.

The appellant timely filed an answer and counterclaim to the appellee's petition then pending in the district court. The answer denied the decedent was negligent in the manner alleged by the appellee and that any act or omission on the decedent's part was a proximate cause of any injury or damage to the petitioner. The answer further alleged that the appellee was negligent in failing to maintain a proper lookout and in failing to slow her vehicle in order to avoid the decedent's automobile, and contained other allegations not here material. The counterclaim alleged that the decedent was survived by his widow and their eleven children; that the appellant, as administrator, filed the counterclaim pursuant to G. S. 1961 Supp., 60-3203, for their respective benefits in accordance with the wrongful death statute; that the appellee's automobile was negligently operated in six specific respects, which were the direct and proximate cause of the collision resulting in personal injuries to the decedent which were fatal; that hospital and funeral expenses were incurred in the total amount of $1158.27 which the decedent's estate was obligated to and did pay, and that the widow and eleven children suffered damages in the sum of $25,000 for the decedent's wrongful death. The prayer was that the administrator recover $26,158.27.

The district court sustained the appellee's demurrer on the ground that it had no jurisdiction of the counterclaim, and the administrator has appealed.

The appellant contends that when the appellee filed her claim in the probate court she was attempting to take assets out of the decedent's estate and that the probate court had jurisdiction of her claim; that upon transfer of her petition for allowance of demand, the district court had full authority and jurisdiction to hear all matters pertaining to the controversy as though the action had been

originally commenced therein, including the counterclaim for damages for wrongful death arising out of the same accident.

The appellee advances two arguments to sustain the ruling of the district court. First, that the district court was without jurisdiction of the subject matter of appellant's wrongful death action when filed as a counterclaim in a proceeding commenced by appellee in the probate court to recover on a claim against the decedent's estate which was thereafter transferred to the district court pursuant to G. S. 1961 Supp., 59-2402a, G. S. 1949, 59-2402b and 59-2408. The basis of the argument is that the transfer of appellee's claim from the probate court to the district court conferred no greater jurisdiction as to subject matter on the district court than the probate court had originally, and that since the appellant's counterclaim was outside the jurisdiction of the probate court, it was likewise outside the jurisdiction of the district court upon transfer. The appellee relies upon 1 Bartlett, Kansas Probate Laws and Practice (Rev. Ed.) § 93, pp. 88, 89, § 144, pp. 149, 150, § 142, p. 146, and *In re Estate of Crump*, 161 Kan. 154, 166 P. 2d 684. Second, that under the wrongful death statute the administrator of the estate brings the action for the "exclusive benefit" of the surviving spouse and children, if any, or next of kin; hence, in the instant case the administrator is not bringing his counterclaim in his capacity as representative of the decedent's estate but is acting in his capacity as representative of the surviving spouse and children; that at most he is a statutory plaintiff and the amount recovered does not become an asset of the estate but enures to the "exclusive benefit" of the surviving spouse and children (*Crudney v. United Power & Light Corp.*, 142 Kan. 613, 51 P. 2d 28), and it is improper for the wrongful death action to be filed as a counterclaim in an action to recover on a claim against the decedent's estate.

For reasons hereafter set forth, we are of the opinion the appellee's contentions cannot be sustained.

G. S. 1961 Supp., 59-2402a, relates to the transfer of certain matters pending in the probate court to the district court and was not a part of the probate code when it was drafted by the Judicial Council and enacted by the legislature in 1939. The statute was enacted in 1945 (L. 1945, Ch. 237) and was designed to avoid duplicate trials upon matters which would eventually have to be determined in the district court on appeal. (Kansas Judicial Council Bulletin, April 1945, Nineteenth Annual Report, Part 1.) It

provides that when a petition is filed in the probate court with respect to the items enumerated, any interested party may request the transfer of such matter to the district court. The following section (G. S. 1949, 59-2402b) provides that upon the filing of such request, the probate court shall deliver to the district court the file in the matter and the issues shall be heard and determined in the district court as on appeal pursuant to G. S. 1949, 59-2408. However, the latter section prescribes the power and jurisdiction of the district court upon appeal, or, as here, upon transfer of the appellee's claim, and reads, in part, as follows:

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in such court and as though such court would have had original jurisdiction of the matter. The district court shall allow and may require pleadings to be filed or amended. The right to file new pleadings shall not be abridged or restricted by the pleadings filed, or by failure to file pleadings, in the probate court; nor shall the trial in, or the issues to be considered by, the district court be abridged or restricted by any failure to appear or by the evidence introduced, or the absence or insufficiency thereof, in the probate court. . . ."

Under our decisions the probate court had exclusive original jurisdiction of the appellee's petition for damages to her automobile since the claim was to get something out of the estate (*In re Estate of Thompson,* 164 Kan. 518, 190 P. 2d 879; *In re Estate of Weaver,* 175 Kan. 284, 262 P. 2d 818), but we cannot agree that upon transfer of her petition to the district court, that court was limited in the exercise of its jurisdiction to merely that of what could have been exercised by the probate court. The plain unambiguous language of the statute negates any such idea, and our decisions are uniform in holding that where a matter pending in the probate court is appealed to the district court, or, as here, where it is properly transferred pursuant to G. S. 1961 Supp., 59-2402a, G. S. 1949, 59-2402b and 59-2408, the district court shall exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in the district court and as though such court had original jurisdiction in the matter. (*Egnatic v. Wollard,* 156 Kan. 843, 849, 855, 137 P. 2d 188; *In re Estate of Pallister,* 159 Kan. 7, 152 P. 2d 61; *In re Estate of Paronto,* 163 Kan. 85, 180 P. 2d 302; *Wetzell v. Wetzell,* 167 Kan. 6, 204 P. 2d 768; *Charvat v. Moore,* 167 Kan. 336, 205 P. 2d 980; *In re Estate of Michaux,* 171 Kan. 417, 421, 233 P. 2d 510; *In re Estate of Teeter,* 184 Kan. 567,

569, 570, 337 P. 2d 691.) In *In re Estate of Shirk*, 186 Kan. 311, 350 P. 2d 1, it was held:

"The probate code fixes its own procedure, and during the pendency of a proceeding in a probate court the only pleadings necessary or proper are a petition and a written defense. But once such a proceeding reaches the district court, either by appeal or otherwise (in the instant case by transfer pursuant to G. S. 1957 Supp., 59-2402a), G. S. 1949, 59-2408, is construed and *held* to mean that the district court shall have and exercise the same jurisdiction and power as though the controversy had originally been commenced in that court and the pleadings authorized to be filed or amended are the same as those referred to in G. S. 1949, 60-703 of the code of civil procedure, and the right to file new pleadings shall not be abridged or restricted by the pleadings filed, or by the failure to file pleadings, while the proceeding was pending in the probate court." (Syl. ¶ 1.)

The case of *In re Estate of Crump*, supra, relied upon by appellee is not helpful to her. There, this court considered the power and jurisdiction of the probate court to annual a marriage and the power and jurisdiction of the district court on appeal, and it was held that the probate court had no jurisdiction to entertain such an action and despite the fact that the action might have been filed as an original action in the district court, that court on appeal did not have jurisdiction to consider the matter. It is evident that is not the situation here. In the instant case, the probate court had full power and jurisdiction to adjudicate the appellee's claim against the decedent's estate and the matter was rightfully transferred upon her petition to the district court. In the Crump case reference was made to Section 59-2408 as amended by the Laws of 1945, and the court distinguished between situations where the probate court did and did not have jurisdiction of the subject matter and the jurisdiction of the district court on appeal where the probate court had jurisdiction, and it was said:

". . . the whole general purpose of the section seems clear—to give to district courts upon appeal from probate courts, in cases where the latter courts have original jurisdiction either exclusive or concurrent, full and complete power to try the case *de novo*, on its merits. The right to file new pleadings may not be abridged or restricted in the district court, 'or shall the trial in, or the issues to be considered by, the district court be abridged or restricted by any failure to appear or by the evidence introduced, or the absence or insufficiency thereof, in the probate court' (G. S. 1943 Supp. 59-2408 as amended by Laws 1945, ch. 237, sec. 5). These provisions give wide and important significance to section 59-2408 in its entirety. *Any action in which the probate court had jurisdiction may now be tried de novo, upon appeal, in the district court without limitation, as fully as though the action had been there begun.*" (Emphasis supplied.) (1. c. 162.)

It is manifest that upon transfer of the appellee's claim to the district court, that court has general jurisdiction of the controversy as though it had originally been commenced therein, and the trial of the case is to be conducted in conformity with requirements of the code of civil procedure. (*In re Estate of Michaux,* supra.) The appellant had the right to file an answer to appellee's claim (G. S. 1949, 60-703; *In re Estate of Shirk,* supra) and the issues to be raised were not limited by his failure to appear or file pleadings in the probate court. Having filed an answer, G. S. 1949, 60-710, was applicable with respect to the contents thereof. That section reads:

". . . The defendant may set forth in his answer as many grounds of defense, *counterclaim,* setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." (Emphasis supplied.)

G. S. 1949, 60-711, relates to counterclaims, and reads:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom several judgment might be had in the action, *and arising out of the* . . . *transaction set forth in the petition as the foundation of the plaintiff's claim, as connected with the subject of the action.* The right to relief concerning the subject of the action mentioned in the same section *must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein.*" (Emphasis supplied.)

In *Salina Coca-Cola Bottling Corp. v. Rogers,* 171 Kan. 688, 237 P. 2d 218, we construed Sections 60-710 and 60-711, and it was held:

"The purpose and intent of the counterclaim statute is to permit a full determination or settlement in a single action of all controversies properly within the purview of the statute in order that a multiplicity of suits may be avoided.

"By virtue of G. S. 1949, 60-102, the provisions of the code of civil procedure and all proceedings thereunder must be liberally construed with a view to promote their object and assist the parties in obtaining justice. This command includes proceedings under the counterclaim statute." (Syl. ¶¶ 8, 9.)

In the instant case the appellant's counterclaim is one existing in favor of him and against the appellee upon which a judgment might be had in his favor against the appellee in an action brought by him for that purpose. To say that the counterclaim did not arise out of the occurrence set forth in the appellee's claim is to close one's eyes to the obvious. (*Comley-Neff Lumber Co. v. Ross,* 190 Kan. 734, 739, 378 P. 2d 178.) The matters involved in

the appellee's claim and in the counterclaim were part and parcel of the same accident and the issue to be tried was who was guilty of negligence which was the proximate cause of the accident. If the accident was caused solely by the negligence of the decedent, the appellee may recover. If it was caused solely by the negligence of the appellee, the appellant as administrator may recover. If both the appellee and the decedent were at fault, neither may recover. Both appellee's claim and the counterclaim are actions in tort, and the purpose of the counterclaim statute (Sec. 60-711) is to permit a full determination in a single action of all controversies so that the matter may be settled in one trial and a multiplicity of suits avoided. If, as the appellee contends, there must be two trials instead of one, the result may be that on the trial of the appellee's claim it would be determined that the administrator's decedent was at fault and she be allowed to recover the value of her automobile, and on the trial of the administrator's action for wrongful death, it may be determined that the appellee was at fault and the administrator allowed to recover. A more palpable miscarriage of justice could not be imagined.

Our wrongful death statute (G. S. 1961 Supp., 60-3203) provides that when the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. It is true, as the appellee contends, that if the appellant administrator prevails, the proceeds of the recovery would not go into the decedent's estate, but what difference does that make. While the appellant as the personal representative of the decedent is in effect a statutory agent to collect and distribute the damages recovered, nonetheless he is the only party who may prosecute the action. Had the appellant claimed damages to the decedent's automobile could it be doubted that he could file a counterclaim under Sec. 60-711? The only difference in such a situation would be that if he recovered for the death of his decedent he would distribute the money as the court would direct under the wrongful death statute whereas if he recovered for damages to the automobile, the amount recovered would go into the estate for the benefit of creditors or be distributed by the statutes of descents and distribution. In either case, the appellant, as administrator, would not

be claiming in his own right. He is the statutory plaintiff being the nominal party in both cases, and trustee in both, for the beneficiaries of the amounts recovered. The fact that a recovery on the counterclaim might be distributed differently from ordinary assets of the estate is not material. That does not affect the issue to be tried, which is, who was negligent? If the appellee recovers, her judgment would be paid by the decedent's estate in the manner provided by law. If the appellant recovers, the court follows the matter up and directs that it be distributed to the surviving widow and children in the same manner as personal property of the decedent. The question of who will ultimately benefit should not affect the right to maintain the counterclaim because it does not affect the issue to be decided. Since the right of either party to recover rests upon the same state of facts, no solid reason appears why the appellant should not be allowed to file the counterclaim as a part of his answer to the appellee's claim presently pending in the district court of Marion County and have the rights of the parties determined in that action. (*Hoffman v. Stuart*, 188 Va. 785, 51 S. E. 2d 239, 6 A. L. R. 2d 247.)

The judgment is reversed.