218 So.2d 11 (1969)
Harvey J. BYARS, Sr.
v.
Mrs. Wesson C. AUSTIN, Administratrix.
Mrs. Wesson C. AUSTIN, Administratrix
v.
Harvey J. BYARS, Sr.
No. 45051.
Supreme Court of Mississippi.
January 13, 1969.
Rehearing Denied February 3, 1969.
*12 Charles C. Finch, M. Collins Bailey, D. Briggs Smith, Jr., Batesville, for appellant.
Ethridge & Grisham, Oxford, for appellee.
RODGERS, Justice.
This is a damage suit for personal injuries which were received in a two automobile collision on January 27, 1964 in Lafayette County, Mississippi, on State Highway No. 328. The plaintiff was driving his 1955 Chevrolet automobile in a westerly direction, and Wesson C. Austin was proceeding easterly in a 1962 Chevrolet automobile. The automobiles collided. Wesson C. Austin lost his life in the accident, and Harvey J. Byars, Sr., was seriously injured. Harvey J. Byars, Sr., filed suit against Mrs. Wesson C. Austin, the administratrix of the estate of Wesson C. Austin, the deceased, in the Circuit Court of Lafayette County, Mississippi. The administratrix, Mrs. Austin, filed her answer and filed a counterclaim as administratrix under Mississippi Code 1942 Annotated section 1453 (1956), in which she sought damages for the wrongful death of her husband and also damages for the destruction of the 1962 Chevrolet automobile belonging to the deceased, Wesson C. Austin. The jury returned a verdict for the defendant and a judgment was entered in favor of Mrs. Wesson C. Austin, without damages. From this final judgment in administratrix's favor both the plaintiff, Harvey J. Byars, Sr., and Mrs. Austin have appealed to this Court.
The appellant, Harvey J. Byars, Sr., contends that the judgment should be reversed because, it is said, (1) the circuit court erred in applying the "dead man statute," section 1690, Mississippi Code 1942 Annotated (1956), to the facts in the case at bar; and (2) in the alternative the court erred in failing to hold that the administratrix waived the protection of the statute by introducing evidence of certain adverse admissions made by the appellant to a disinterested witness.
On the other hand, cross-appellant, Mrs. Wesson C. Austin, administratrix, contends that the trial court should have directed the verdict for the cross-appellant, and that the trial court erred in granting one of the instructions given on behalf of the plaintiff, appellant here.
Appellant seeks to have the judgment of the trial court reversed upon the theory that the testimony of a nurse, Mrs. Lorene Griffin, introduced on behalf of the administratrix, was such as to waive the protection *13 afforded the administratrix by Mississippi Code 1942 Annotated section 1690 (1956).
The nurse's testimony reveals that after the accident the appellant, his son, and the deceased, Wesson C. Austin, were carried to Yalobusha General Hospital in Water Valley, Mississippi, where she worked, and that the appellant told her he had killed his son and that if he had just done what his son-in-law had told him the accident would not have happened. He said it was the first time he had been in the car in several days. He said he did not see the other automobile, that it came out from nowhere, that he was driving too fast, and that he had been sick recently. The appellant was recalled to the witness stand on rebuttal, and he denied that he told the nurse anything. He was then asked, "Tell us what happened as you were driving along the road just before the collision occurred." The court sustained an objection to this question.
The appellant cites as authority for this contention the case of Winchester v. Guyer, 202 Okl. 651, 216 P.2d 589 (1950). In Winchester the trial court sustained the objections to questions intended to elicit testimony from the defendant in contradiction of the testimony given by an adverse witness as to what the plaintiff had said after the death of Mr. Guyer. On appeal, the Supreme Court held that the defendant had a right to contradict the testimony of the witness and in so doing could tell what she had said to the witness's attorney. The Court in that case held simply that the claimant could tell her version of what she had said to the witness, although what she said was testimony with reference to what had occurred before the death of the intestate. This is true, it is said, since the adverse witness had testified that she gave a different story; that the jury was entitled to hear her version of the matters testified to by Mr. Schulte; therefore this evidence waived the protection of the statute prohibiting the testimony of the claimant to the estate. We do not believe that this case is contrary to the ruling of the trial Judge in the instant case, because the claimant here testified that he did not tell the witness what she testified he told her. He did not offer to testify that he told her something different. He proceeded to testify as to what occurred during the life of the decedent, not what he told her on the occasion testified to by the disinterested nurse.
The pertinent part of Mississippi Code 1942 Annotated section 1690 (1956) is in the following words:
"A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of such deceased person, or any claim he has transferred since the death of such decedent. But such person so interested shall be permitted to give evidence in support of his claim or defense against the estate of the deceased person which originated after the death of such deceased person in the course of administering the estate. * * *"
There are many cases cited under this section of the Mississippi Code in which this Court has pointed out that a person can not be presented as a witness to testify to establish his claim or defense against the estate of a deceased person which originated during the lifetime of the deceased person. But does the introduction of a disinterested witness who testifies as to what the plaintiff said after the accident waive the protection afforded the personal representatives of the estate of a deceased person?
The general rule with reference to waiver is set out in 97 C.J.S. Witnesses § 243, at p. 729 (1957), wherein it is said:

"Introduction by protected party of admissions of hostile witness. As a general rule, the protected party does not waive the incompetency of a hostile witness to testify as to transactions or conversations with deceased by introducing in evidence admissions made by the hostile *14 witness with respect to such transactions or conversations, but the hostile witness becomes competent to deny or contradict the testimony as to his admissions. * * *"
This Court has followed the foregoing rule in previous opinions with reference to waiver of the protection afforded the estate under Mississippi Code 1942 Annotated section 1690 (1956).
In the case of Martin v. Martin's Estate, 217 Miss. 173, 63 So.2d 827 (1953), this Court held, where the executor of Martin's estate introduced income tax reports of the claimant (petitioner claimed to be the common law wife of the decedent) made during the lifetime of decedent in which she called herself "Mrs. Marie Moore" and not "Mrs. Martin," that this did not waive the protection afforded the estate by section 1690, Mississippi Code 1942 Annotated (1956), and that she could not testify to establish her claim that she was the common law wife of the deceased.
In the case of Veazey v. Turnipseed, 219 Miss. 559, 69 So.2d 379 (1954), this Court held that in a suit to establish a lost will defendant was not competent to testify under the "dead man statute" as to what he did with an alleged will after a witness had delivered it to him because such testimony would support his claim against the estate of the decedent. The introduction of testimony of a witness with reference to this matter did not waive the protection afforded the estate by the statute.
We are of the opinion that the testimony of the nurse, Mrs. Lorene Griffin, was competent to show a declaration against interest by the plaintiff, Harvey J. Byars, Sr., made a short time after the accident. We are of the further opinion that the introduction of the statement made by the plaintiff after the death of the decedent, Wesson C. Austin, did not waive the protection afforded the estate by section 1690, Mississippi Code 1942 Annotated (1956).
The appellant, Harvey J. Byars, Sr., however, further contends that even if he were not permitted to introduce the rejected testimony of appellant in his suit against the estate of Wesson C. Austin, this testimony was, nevertheless, competent in defense of the cross-suit brought by the administratrix against appellant Byars for the death of Wesson C. Austin, and as authority for this position he cites Hawkins v. Rye, 233 Miss. 132, 101 So.2d 516, 77 A.L.R.2d 663 (1958).
In Hawkins we held that a defendant in a suit brought by persons under the authority of the "wrongful death statute," Mississippi Code 1942 Annotated section 1453 (1956), was brought for the benefit of the persons named in the statute, and not for the benefit of the estate of the deceased person, and therefore the defendant could testify in his own defense. The fact that the suit was brought in the name of the administrator did not change this rule, and the Court said:
"The suit against him [the defendant witness] was not an action by the estate but was an action brought by the administrator on behalf of surviving heirs named in the wrongful death statute." 233 Miss. at 143, 101 So.2d at 520.
This contention brings squarely before the Court the posture of this action, and the record before us on appeal. It will be recalled that the appellant sued the estate of the deceased, Wesson C. Austin; whereupon, the administratrix not only answered the suit against the estate, but counterclaimed against the appellant, Harvey J. Byars, Sr., for the death of Wesson C. Austin and for $1,182.90 damages to the automobile of Wesson C. Austin. The plaintiff, Harvey J. Byars, Sr., after having demanded strict proof of affirmative matters alleged in the counterclaim, concluded his answer by requesting that "the counterclaim be dismissed." He did not make a motion bringing to the trial Court's attention his request to dismiss the counterclaim. We are thus confronted with the *15 question as to whether or not the counterclaim for the death by Mrs. Wesson C. Austin, administratrix in the suit against the estate of Wesson C. Austin was in fact a misjoinder of actions.
Mississippi Code 1942 Annotated section 1453 (1956), sometimes called the "wrongful death statute," is our version of the Lord Campbell's Act, passed in England in 1846. Prior to that time the heirs at law of a deceased could not recover for the death of their parents because of the common law rule: "Actio personalis moritur cum persona," that is, "A personal action dies with the person." 16 Am.Jur. Death § 49 (1938); 22 Am.Jur.2d Death § 2 (1965). See also cases collected in Annot., 74 A.L.R. 11, 15 (1931).
It has been said that there are two lines of authority on the theory upon which the Lord Campbell's Act or statutes written in accord therewith are based. They are the survival theory and the new cause of action theory. The authorities under the survival theory hold that the wrongful death act creates no new cause of action, but is simply a continuation of right to sue which the deceased had until his death. However, it is said by the textwriter in 22 Am.Jur.2d Death § 13 (1965), at p. 616 that:
"Most of the states' wrongful death statutes have been said to create a new cause of action. The wrongful death action is, under this view, not derivative; it is brought not to recover for injuries to the decedent, but, in general, to compensate survivors for loss occasioned by the death. The cause is distinct from any that the deceased might have had if he had survived. * * *"
In the states where the courts hold that the right to sue under their version of the Lord Campbell's Act is "derivative," or a continuation of the right the deceased had to sue, a cross-claim may be joined with an answer to a suit against the estate. Hoffman v. Stuart, 188 Va. 785, 51 S.E.2d 239, 6 A.L.R.2d 247 (1949). In Hoffman, however, Justice Gregory dissented and pointed out that the real parties in interest in the cross-claim filed in that case were the widow and children of the deceased to the action of the plaintiffs and under their version of the "wrongful death statute" they were not entitled to file a cross-claim in the original proceedings. See also In re Estate of Meyer, 191 Kan. 408, 381 P.2d 546 (1963).
In Western Railway Company v. Russell, 144 Ala. 142, 39 So. 311 (1905), a statute provided that the damages recoverable in an action for the death of a person by the wrongful act of another did not become assets of the estate, so that the railway company, defendant in the suit, could not set off damages to its cars by reason of the alleged negligence of the deceased.
In Complete Auto Transit, Inc. v. Bass, 229 S.C. 607, 93 S.E.2d 912 (1956), the executrix of the estate of A.S. Bass contended in a suit against the estate by the Complete Auto Transit Company that the plaintiff was barred to sue the estate because it did not file a countersuit in the federal court in the case where the driver sued for damages and the executrix sued for wrongful death. The Supreme Court in sustaining the action of the trial Court in striking the pleas of the executrix pointed out that:
"Respondent in the present case had no cause of action for damage to its property against appellant in her capacity as representative of the beneficiaries of the cause of action for wrongful death, and therefore could not have asserted such a cause of action by way of counterclaim in the Federal court action." 229 S.C. at 614, 93 S.E.2d at 915.
In Mississippi we have adhered to the second theory that the "wrongful death statute" creates an entirely new cause of action for the benefit of the persons named in the act, and is not a part of the estate of the deceased intestate. We said in Hasson Grocery Company v. Cook, 196 Miss. 452, 459, 17 So.2d 791, 792 (1944), that:
"The demurrer raises squarely and concisely the question whether the statute *16 gives to the widow a right of action upon an implied warranty. That such cause of action did not survive at common law is clear. [citing cases] * * * The statute is not one of survival but creates a new and independent cause of action."
It is clear, at least in this state, that a cause of action by the administrator of an estate for the assets of an estate, and a suit in the name of the administrator for the use and benefit of the widow and persons named in the "wrongful death statute" are distinct causes of action and are unrelated although they grow out of the results of the wrongful death of the decedent.
Our statutory pleading of a counterclaim (section 1483.5, Mississippi Code 1942 Annotated (1956)) permits a counterclaim when:
"In all suits at law where the defendant has a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff's action is based * * * the defendant * * * may plead his claim or demand against the plaintiff by way of counter-claim * * *."
As a general rule, a counterclaim may be filed only in cases where the counterclaim is connected with or dependent on the subject matter of the original complaint. 41 Am.Jur. Pleading § 259 (1942).
We are of the opinion that the administratrix could not maintain a cross-claim for the wrongful death of the decedent in a suit against the estate, because the cross-claim brought into the action other parties who had a right to sue in the name of the administratrix. Cf. City of Oxford v. Spears, 228 Miss. 433, 87 So.2d 914 (1956).
It follows, therefore, that the plaintiff in the trial court, Harvey J. Byars, did not have a right to introduce testimony in defense of the cross-claim, since the cross-claim was improperly joined in the original action.
What, then, is to be done with this appeal where two causes of action are improperly joined and no objection is made to the pleading?
The textwriter in 5A C.J.S. Appeal and Error § 1684 at p. 757, (1958), has this to say on the subject:
"Unless appellant's rights have been substantially affected thereby, a misjoinder of causes of action or defenses is not a ground for reversal. So, an alleged misjoinder of counts in contract and in tort is not harmful to defendant who is by a bill of particulars fully appraised [sic] of the facts and theory on which plaintiff's claim is based and on which the case is tried."
As a general rule, if a party did not object to the defects or manner of pleading during trial, he waived his objection thereto, provided they are such as were subject to waiver. 41 Am.Jur. Pleading § 396 (1942).
The pertinent part of section 1544, Mississippi Code 1942 Annotated (1956) is in the following language:
"A judgment shall not be stayed or reversed, after verdict, for any defect in the writ, or for a variance in the writ from the declaration or other proceedings * * * or for any mistake or misconception of the form of the action, or for any other defect of form in the declaration or pleading; or for any informality in entering the judgment. * * *"
There are many cases cited under this Code section in which this Court has held that if an objection is not made at the proper time to the pleadings in the trial court, the defect in the pleading is waived. The mere fact that there was a misjoinder of the pleading does not give the plaintiff the right to introduce evidence which is clearly inadmissible, except under *17 the misjoined claim, because the cross-claim was not properly a part of the case. Moreover, since the perfunctory motion attached to the answer of the plaintiff was never brought to the attention of the trial Judge, it was waived, so that we will not now reverse this case because of a misjoinder of actions.
After a careful consideration of all the issues raised on appeal in this case, we have reached the conclusion that the judgment of the trial Court should be affirmed. The objection raised by the cross-appellant to an instruction granted the appellant is harmless, if error, and we therefore hold that the judgment of the trial Court on direct and cross-appeal should be, and it is, affirmed.
Affirmed.
All Justices concur, except ETHRIDGE, C.J., who took no part.