No. 45,371

EUNICE BARR, Administratrix of the Estate of Deane W. Barr, Deceased, *Appellant*, v. WILLIAM G. MACHARG, Administrator of the Estate of William G. MacHarg, Sr., Deceased, *Appellee.*

(455 P. 2d 516)

Opinion filed June 14, 1969.

*Dale E. Dixon,* of Topeka, argued the cause and was on the brief for appellant.

*J. H. Eschmann,* of Topeka, argued the cause and *L. M. Ascough* and *John A. Bausch,* both of Topeka, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The present claim for relief arises from an automo-

bile collision in Jackson county, Kansas, involving an automobile driven by Deane W. Barr, a resident of Jackson county, and one driven by William G. MacHarg, Sr., a resident of the state of Michigan. Both drivers were killed in the accident.

The plaintiff is the widow of Deane W. Barr. She is the duly appointed, qualified and acting administratrix of his estate in Kansas. The defendant, William G. MacHarg, is a resident of Wayne county, Michigan, and is the duly appointed, qualified and acting administrator of the estate of William G. MacHarg, Sr., by appointment of the probate court of Wayne county, Michigan.

The present claim for relief was filed in the district court of Jackson county, Kansas, where the collision occurred, by plaintiff Eunice Barr pursuant to K. S. A. 60-1901, *et seq.* to recover damages and losses sustained by reason of the wrongful death of Mr. Barr.

The foreign administrator filed a motion to dismiss the action. The district court sustained the motion on the ground the district court did not have jurisdiction of the subject matter or of the parties. The court in a letter of decision said:

"It seems to the court that K. S. A. 60-308b does not change substantive law to the State of Kansas wherein the Probate Court is held to have exclusive original jurisdiction of claims against a decedent's estate."

On appeal to this court it is stipulated that William G. MacHarg, Sr., deceased, at the time of the alleged accident on September 29, 1965, had in full force and effect a policy of liability insurance affording said William G. MacHarg, Sr., protection against his liability, if any, in said accident. It was further stipulated the plaintiff filed a petition for the appointment of an administrator for William G. MacHarg, Sr., deceased in the probate court of Jackson county, Kansas, but no further proceedings were had in that court. No administrator has been appointed and no claim for wrongful death has been filed therein by plaintiff.

K. S. A. 60-1901 provides:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he lived, in accordance with the provisions of this article, *against the wrongdoer or his personal representative if he is deceased.*" (Emphasis added.)

We note this statute specifically authorizes an action against the personal representative of the wrongdoer if the wrongdoer is deceased.

K. S. A. 60-1902 provides:

"The action may be commenced by any one of the heirs at law of the de-ceased who has sustained a loss by reason of the death. Any heir who does not join as a party plaintiff in the original action but who claims to have been damaged by reason of the death shall be permitted to intervene therein. The action shall be for the exclusive benefit of all of the heirs who has sustained a loss regardless or whether they all join or intervene therein, but the amounts of their respective recoveries shall be in accordance with the subsequent provisions of this article."

The defendant points to the changes made in this wrongful death statute effective January 1, 1964. He contends the administratrix of the estate of Deane W. Barr, deceased, is not the real party in interest to this action since K. S. A. 60-1902 now provides the action should be brought by an heir at law who sustained loss by reason of the death.

Eunice Barr alleges in the petition she is the administratrix of her husband's estate, but she also alleges she is the surviving spouse and brings the action for the benefit of herself as surviving spouse and for the surviving children. She sues for losses sustained by her and the surviving children and the elements of damage alleged in her petition are those specified in K. S. A. 60-1904 as recoverable by an heir at law. The allegation that she is the administratrix of her husband's estate would not be fatal to her cause of action under our present liberal rules relating to pleading. Eunice Barr is the widow and an heir at law of Deane W. Barr, deceased. As such she is a real party in interest to bring the action. (See Gard, Kansas Code of Civil Procedure § 1902 and 5 K. S. A. Code of Civ. Proc., Fowks, Harvey and Thomas § 60-1902.)

As indicated in the district court's letter of decision service was completed upon the defendant-administrator in the state of Michigan pursuant to K. S. A. 60-308 which provides in pertinent part:

"(a) Proof and effect. (1) Personal service of summons may be made upon any party outside the state. If upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state; otherwise it shall have the force and effect of service by publication.

.   .   .   .   .   .   .   .   .   .   .   .   .

"(b) Submitting to jurisdiction—process. Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(2) The commission of a tortious act within this state;

"Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

We note in passing that the method of service provided does not limit or affect the right to serve process in any other manner, such as is provided in K. S. A. 8-402, *et seq.* However, the controversy in this case focuses on K. S. A. 60-308.

As pointed out in *Woodring v. Hall*, 200 Kan. 597, 600, 438 P. 2d 135, subsection (*b*) subparagraph (2) of K. S. A. 60-308 was taken from the Illinois Civil Practice Act of 1955 (Smith-Hurd, Ill. Annot. Statutes, Ch. 110, § 17) by the committee which drafted our Code of Civil Procedure. The Supreme Court of Illinois has held under their statute an action may be brought in Illinois for damages against a foreign appointed administrator for injuries sustained in an automobile accident in Illinois caused by decedent and that said statute secures jurisdiction over a foreign administrator, notwithstanding the general rule that courts of one state should not interfere with the administration of a decedent's estate in another jurisdiction. (*Hayden v. Wheeler*, 33 Ill. 2d 110, 210 N. E. 2d 495; see also *Nelson v. Miller*, 11 Ill. 2d 378, 143 N. E. 2d 673.)

This court has recognized and applied the rule that a statute adopted from another state generally carries with it the construction placed upon it by the courts of that state. (*Woodring v. Hall*, supra.)

When we consider the plain provisions of K. S. A. 60-308 and the source from which it stems we are convinced the legislature intended to and did extend jurisdiction of our courts to include a foreign administrator in actions brought in Kansas for injuries sustained in an automobile accident in Kansas arising out of a tortious act of a deceased nonresident motorist. Our decision in this matter appears to have the support of decisions from a majority of those states having similar statutes. (See 18 A. L. R. 2d 544.)

In *Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 650, 438 P. 2d 128, we pointed out this statute was constitutional whether tested under the commerce clause or the due process clause of the United States Constitution. (See also *Woodring v. Hall*, supra.)

The defendant-administrator argues in support of the district court's judgment that a demand against the estate of the deceased wrongdoer on account of a wrongful death must be made in the

probate court where the estate of the deceased wrongdoer is being administered, citing *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401. He further points out in *Hildenbrand v. Brand*, 183 Kan. 414, 327 P. 2d 887 and *In re Estate of Meyer*, 191 Kan. 408, 381 P. 2d 546, we held when the purpose of an action or claim is to get something out of an estate of a decedent the probate court has exclusive original jurisdition of the matter and the action or claim must be filed in the probate court. He points out this court has held an insurance policy constitutes such an estate of a nonresident decedent as to justify the appointment of an administrator. (See *In re Estate of Preston*, 193 Kan. 145, 392 P. 2d 922.) He therefore concludes the plaintiff was required to obtain the appointment of an administrator for the MacHarg estate in Jackson county, Kansas, and file the wrongful death claim in the probate court.

We do not agree with this conclusion. After *Preston* was decided the legislature of this state spoke on the subject of jurisdiction of our probate courts over nonresident estates. K. S. A. 1968 Supp. 59-805 now provides:

"*The courts of this state have jurisdiction over all tangible and intangible property of a nonresident decedent having a situs in this state.* For the purpose of such jurisdiction it is recognized as to other states and countries, and declared with respect to this state, that *the situs of debts, rights and choses in acion which are embodied in legal instruments* such as stock certificates, bonds, negotiable instruments, *insurance policies payable to an estate* and other similar items *is in that state* or country *in which such legal instruments are located,* so that whatever state or country has jurisdiction of such instruments has, and of right ought to have, jurisdiction to administer upon or otherwise direct the disposition of the debts, rights and choses in action which they embody, or voluntarily relinquish such jurisdiction to other states and countries. For such purpose the situs of other debts, rights and choses in action is where the debtor is found." (Emphasis added.)

Under the provisions of this statute on and after July 1, 1967 the probate jurisdiction of a nonresident decedent's estate is limited to tangible and intangible property having a situs in Kansas. The liability insurance policy affording William G. MacHarg, Sr., protection, and the rights embodied therein, had a situs in the state of Michigan. The nonresident decedent had no tangible or intangible property upon which the jurisdiction of our probate courts could operate.

Therefore, the rule of exclusive original jurisdiction enunciated in *Shively v. Burr*, supra, and similar cases has no application to

the present case. That rule relates to estates where a probate court in this state has jurisdiction to administer the decedent's estate.

The defendant-administrator points to the provision of our nonclaim statute, K. S. A. 59-2239, which states it applies to both domiciliary and ancillary administration. He argues this statute has been construed as a statute of limitations on tort claims not otherwise barred on the date of decedent's death. (See *In re Estate of Wood,* 198 Kan. 313, 424 P. 2d 528.)

As previously pointed out herein our nonclaim statute does not apply in the present case. The MacHarg estate is being administered in Michigan. The Kansas probate courts have no jurisdiction of this estate since there is no property in Kansas and we cannot speculate on the effect of the Michigan nonclaim statute. This statute may prevent eventual recovery from assets of the estate. Any recovery from the assets in a foreign estate is determined by the law of the state where the probate proceeding is pending. (*Brooks v. National Bank of Topeka,* [Mo. 1958] 251 F. 2d 37, 42.)

The parties stipulated on appeal that a policy of liability insurance affording William G. MacHarg, Sr., protection was in full force and effect at the time of the accident. We do not base our decision in this case on the availability of insurance. However, the existence of liability insurance does indicate a judgment against the nonresident administrator may be collectible in the present case.

The defendant relies heavily upon the case of *Knoop v. Anderson,* (Iowa 1947) 71 F. Supp. 832, to support his claim of lack of jurisdiction.

The Knoop case was discussed and rejected in *Brooks v. National Bank of Topeka,* supra. We believe the reasoning and logic of *Brooks* is more in line with the modern trend of authorities. We hold a nonresident who commits a tortious act within this state submits himself, and the administrator of his estate in event of his death, to the jurisdiction of the courts of this state as to any cause of action arising from the commission of said tortious act. When service of summons was obtained in the present case upon the nonresident administrator as provided in K. S. A. 60-308 (*b*) (2) jurisdiction of the district court attached to both the party and the subject matter of the action. (*Hayden v. Wheeler,* supra. See also *Brooks v. National Bank of Topeka,* supra, and cases cited therein.)

The judgment dismissing plaintiff's action is reversed and the case is remanded for further proceedings.